IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., | § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 2:05cv151 |
| vs. | § § | |
| NOKIA, INC., AND LUCENT TECHNOLOGIES, INC. | § § § § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge (Docket No. 216) containing his recommendation concerning the disposition of Nokia, Inc. and Lucent Technologies, Inc.'s (collectively "Defendants") Motion for Summary Judgment of Invalidity of United States Patent No. 6,574,267 (the '267 patent) in View of the Hakkinen Publication and the IS-95A Standard (Docket No. 124) has been presented for consideration. Plaintiff Golden Bridge Technology, Inc. ("Plaintiff") has filed objections (Doc. No. 222) to the Report and Recommendation.  For the reasons discussed below, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

### THE IS-95A STANDARD

With regard to the IS-95A standard, Plaintiff argues that the Magistrate Judge erred in finding that the '267 patent does not preclude the transmission of a message or something else in addition to the preamble. Plaintiff contends that the '267 patent teaches the transmission of a preamble without a message because message data can *only* be sent in response to the acknowledgment.[1] To support this contention, Plaintiff cites the Court's construction of a "preamble" as "a signal used for communicating with the base station that is spread before transmission" and the construction of "packet data" as "data organized into a packet." Plaintiff argues that while the term "message" does not appear in the claims, it does appear in Figures 6 and 10 and is used interchangeably in Figures 7 and 11[2] with the phrase "packet data" which is contained in the claims. Plaintiff asserts that the "message" of Figures 6 and 10 and the "packet data" of Figures 7 and 11 are sent only in response to an acknowledgment,[3] not in conjunction with or as part of the preamble. Plaintiff goes on to argue that the common and ordinary meaning of the term "preamble," the Court's definition, and the intrinsic evidence suggest that the "preamble" of the asserted claims does not include message data. Essentially, Plaintiff appears to assert the term "preamble" incorporates the concept that message data cannot be included in or sent in conjunction with the preamble. [4]

---

[1] Plaintiff does not appear to dispute that the IS-95A standard discloses the sending of data by the mobile station after receipt of an acknowledgment just as is taught in the '267 patent. See IS-95A Standard Figure 6.6-1.

[2] The Court does not read Figure 7 to contain the term "packet data."

[3] "Acknowledgment" has been construed to mean "a response signifying the detection of a preamble."

[4] In a related vein, Plaintiff asserts that the purpose of the patent is to reduce the time needed by the mobile station to send the message, hence increasing the efficiency of the system, and that time is saved by sending the preamble alone. However, Plaintiff does not point the Court to anywhere in the patent where the increased efficiency of a preamble alone is taught. The Court recognizes that there may be an advantage to sending the preamble alone but is not convinced that the patent clearly teaches this as a point of novelty. In fact, as will be discussed below, the preferred embodiment set forth in Figure 6 shows the sending of

2

While the Court recognizes that the '267 patent teaches the sending of a "message" or "packet data" or a "signal having data" in response to an acknowledgment, the question is whether the claims preclude the sending of something in addition to the preamble. As noted in the report, the asserted claims use the term "comprising," which is "inclusive or open-ended and does not exclude additional unrecited elements or method steps." *See CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1235 (Fed. Cir. 2005). Plaintiff does not cite the Court to anywhere in the specification or the claims that discuss the importance of sending a preamble alone. Several drawings in the patent, Figures 6, 7, 9A, and 9B, show the transmission of preambles plus something else – pilot signals. The specification discusses the use of pilot signals:

> Fig. 6 illustratively shows the common-packet channel access burst format, for each access-burst signal. Each access-burst signal has a plurality of segments. Each segment has a preamble followed by a pilot signal. The plurality of segments has a plurality of power levels, respectively. More particularly, the power level of each segment increases with each subsequent segment. Thus, a first segment has a first preamble and a pilot, at a first power level . . . A preamble is for synchronization, and a corresponding pilot, which follows a preamble, is to keep the BS spread-spectrum receiver receiving the spread spectrum signal from the remote station, once a preamble is detected.
> . . . .
>
> The structure of the access burst is shown in Fig.6. . . . For the duration . . . between preambles the access burst consists of a pilot signal transmitted at a fixed power level ration relative to the previously transmitted preamble. There is a one to one correspondence between the code structure of the preamble and the pilot signal. The pilot signal could be eliminated by setting it to a zero power level.

Col. 5, Line 59-Col. 6, Line 29; Col. 7, Line 47-Line 57.

Plaintiff does not address the fact that the patent teaches the sending of a pilot signal along with a preamble. Thus, Plaintiff's argument does not appear to be that the

---

preambles in addition to something else–pilot signals.

3

patent precludes the sending of something else along with a preamble.  Rather, Plaintiff's argument appears to be more directed at the idea that the IS-95A standard discloses sending an access message prior to the acknowledgment.  But the IS-95A standard discusses the sending of data after receipt of the acknowledgment and Plaintiff does not distinguish the IS-95A standard on the basis that it calls for a "one-phase" process, *i.e.* sending a preamble and data prior to an acknowledgment, as opposed to the "two-phase" process, *i.e.*, sending a preamble, receiving an acknowledgment and then sending data, taught in the '267 patent.

Furthermore, to the extent that Plaintiff contends that the definition of the term preamble means that data may not be sent within or in conjunction with the preamble, the Court notes that at the claim construction phase of this proceeding, Plaintiff proposed the following definition for preamble: "a code used to access a communications channel." On April 4, 2006, the parties advised the Court that they had agreed on the following definition of preamble: "a signal used for communicating with the base station that is spread before transmission." (Docket No. 86).  Neither the proposed definition nor the agreed definition preclude data within or in conjunction with a preamble.  Plaintiff now appears to be attempting to alter the definition of preamble to exclude data sent within or in conjunction with the preamble.  The Court declines to alter the agreed construction by finding that data may not be included within or in conjunction with the preamble.[5]

---

[5] Plaintiff also cites a portion of the prosecution history of the '267 patent to support its objections.  However, the Court finds that Plaintiff could have easily cited this evidence to the Magistrate Judge in response to Defendant's summary judgment motion and failed to do so.  The Court also finds that Defendants would be prejudiced by considering this evidence after the Report and Recommendation on Defendant's motion has been issued.  Therefore, the Court declines to consider this evidence as part of Plaintiff's objections to the Magistrate Judge's report.  *See Freeman v. County of Bexar*, 142 F.3d 848, 850-51 (5th Cir. 1998) (district court may decline to consider new evidence after considering reasons for failure to present evidence, the importance of the omitted evidence, whether the evidence was available before responding to the summary judgment motion and the prejudice that will occur if the case is reopened).

## THE HAKKINEN PUBLICATION

Concerning the Hakkinen publication, Plaintiff contends that the Magistrate Judge erred in finding this publication discloses the transmission of multiple preambles that are interrupted when an acknowledgment is received. Plaintiff focuses on the fact that the Hakkinen publication discloses the transmission of power-up commands from the base station to the mobile station. According to Plaintiff, the base station sends a power-up command signifying that is has not detected the preamble causing the mobile station to send another preamble at an increased power. Plaintiff asserts that, in contrast, the '267 patent teaches the sending of a preamble at increased powers, without feedback from the base station, until the preamble is detected by the base station.

The problem with Plaintiff's argument is that it inserts a "preamble retrigger" limitation into the claim construction that is simply not there. As discussed in the report, what is required by the agreed claim construction is the transmission of multiple preambles in increased power levels that are interrupted when an acknowledgment is received. That is disclosed by the Hakkinen publication. The fact that in Hakkinen a preamble is triggered based on a power-up command from the base station is inconsequential because there is nothing in the claim language specifying how or why the preamble is triggered.

Indeed, in another context, Plaintiff appears to have taken a position that emphasizes the interruption of multiple preambles, not the triggering mechanism for

---

Even if the Court were to consider this evidence, the Court finds that this excerpt distinguishes a prior reference primarily on its lack of power ramping and its lack of a separate transmission phase consisting of "preambles separately preceding the access packet." The patentee does not appear to have distinguished the reference on the basis that the claimed invention called for "preamble only" transmissions. Thus, the Court finds that this portion of the prosecution history falls short of a clear disavowal of claim scope. *See Sorenson v. ITC*, 427 F.3d 1375, 1378-79 (Fed. Cir. 2005).

5

sending another preamble. In one of Defendants' motions for summary judgment, Defendants argue that their system sends a preamble, waits for acknowledgment and if no acknowledgment is received, then another preamble is sent. At the hearing on Defendants' motion, Plaintiff asserted that Defendants' system infringes independent of the triggering mechanism of the preambles because even if it waits for acknowledgment before sending the next preamble, the system is still sending multiple preamble signals that are interrupted by an acknowledgment. *See* Hearing on Summary Judgment Motions, p. 26, line 16 - p. 27, line 19.

Furthermore, as noted in the report, the Hakkinen publication discloses an embodiment where multiple preamble signals are interrupted when a sending request, *i.e.*, an acknowledgment, is received and if not received, the preamble will be transmitted at a higher power. Ex. 2 to Defs.' mot. at p.8, line 30 - p.9, line 6; p.4, line 31 - p.5, line 8; Figure 3. Plaintiff does not specifically address this embodiment in its objections.

## CONCLUSION

Accordingly, Plaintiff's objections to the Report and Recommendation are **OVERRULED** and Defendants' Motion for Summary Judgment of Invalidity of United States Patent No. 6,574,267 (the '267 patent) in View of the Hakkinen Publication and the IS-95A Standard (Docket No. 124) is **GRANTED**.

**So ORDERED and SIGNED this 29th day of January, 2007.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**